1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEMETRIUS MITCHELL,

11               Petitioner,                No. CIV S-06-2648 DFL CMK P

12        vs.

13   ROBERT A. HOREL et al.,

14               Respondent.               FINDINGS AND RECOMMENDATIONS

15   _____/

16               Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  In his federal habeas petition, petitioner claims that

18   he did not receive effective assistance of counsel from the attorney who negotiated his second-

19   degree murder plea and he claims that the Board of Prison Terms (now Board of Parole Hearing

20   (BPH)) violated California law by failing to calculate his release date at his 2001 and 2005

21   parole consideration hearings.  The state moves to dismiss this action on the grounds that

22   petitioner's claim of ineffective assistance of counsel is untimely under 28 U.S.C. § 2244(d)(1)

23   and (2) and unexhausted and that his claim concerning the BPH's failure to set a release date

24   pursuant to the matrix contained in the California Code of Regulations is a state law issue of

25   which this court lacks jurisdiction.  Petitioner has not filed a response to the motion to dismiss.

26   ///

     ///

I.      Ineffective Assistance Of Counsel Claim

        The court first considers whether petitioner's claim of ineffective assistance of counsel is unexhausted and untimely.

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).  The petitioner bears the burden of proving that he has exhausted his state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

        Here, Petitioner filed a state habeas petition in the California Supreme Court on June 15, 2005, which was denied in March 2006.  (Mot. Dismiss,(doc. 8) Ex. 1.)  In that petition, petitioner made the following claims: (1) that the board of Prison Terms, the state courts, and the current and former governors of California violated due process by failing to fix his parole release date; (2) that the California Courts are improperly using a "some evidence standard" to review decisions made by the Board concerning parole; (3) that the state court's use of the "some evidence standard" violated the ex post facto clause of the Constitution; (4) that Governor Davis had an illegal no-parole policy; (5) that the Board's continued reliance on the unchanging nature of an inmate's crime to deny parole was improper, and (6) that the Board is a biased decision-making body.  (Id.)  A review of the petition reveals that petitioner never mentioned his claim that he received ineffective assistance of counsel from the attorney who negotiated his plea agreement.  (Id.)  It does not appear that petitioner has filed any other habeas petitions with the California Supreme Court.  Accordingly, the court recommends that petitioner's ineffective assistance of counsel claim be dismissed for failure to exhaust state remedies.

///

1    Because it is clear that petitioner has not exhausted his ineffective assistance of

2    counsel claim, the court does not consider whether this claim is untimely.

3    II.    Violation Of California Law For Failure To Set A Release Date Claim

4    Respondents argue that this court should dismiss petitioner's claim that the BPH

5    violated California law by failing to set a release date because this claim is a matter of state law

6    which is not cognizable in a federal habeas petition.  It is well settled that issues of state law are

7    not cognizable in a federal petition for habeas relief.  See Rose v. Hodges, 423 U.S. 19, 21

8    (1975); Gutierrez v. Griggs, 695 F.2d 1195, 1197-98 (9th Cir. 1993).  A review of petitioner's

9    federal habeas application reveals that petitioner does not cite any federal law in support of his

10   claim; instead, he alleges that the BPH violated California law when it failed to set a release

11   date.

12   The issue of whether the BPH must set a release date or fix a term for a life-term inmate

13   is a matter of statutory interpretation that has been resolved by the California Supreme Court.  In

14   In re Dannenberg, 34 Cal. 4th 1061, 1070, 1080-81 (2005), the California Supreme Court

15   interpreted Penal Code section § 3041 and held that the BPH is not required to set a release date

16   until it finds an inmate suitable for parole.  Based on the claims in petitioner's federal habeas

17   petition, the court finds that petitioner's claim concerning the BPH setting a release date for him

18   is purely a matter of state law, which has already been decided by the California Supreme Court.

19   Accordingly, this court recommends that this claim be dismissed because this court does not

20   have subject matter jurisdiction over this matter.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

IV.     Conclusion

         IT IS RECOMMENDED that

         1.  Respondents' motion to dismiss this habeas action be granted.

         2. This entire action be dismissed with prejudice.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:   May 9, 2007.


                                              CRAIG M. KELLISON
                                              UNITED STATES MAGISTRATE JUDGE